EASTMAN, GARDNER & CO. *v.* SULLIVAN.

[95 South. 673. No. 23114.]

RAILROADS. *Logging road held not a "railroad;" within statute requiring plantation crossings and cattle guards.*

The provision of section 4058 of the Code of 1906 (section 6686, Hemingway's Code), providing statutory penalties for failure of a railroad company to construct necessary plantation roads and cattle guards or stock gaps, apply to the ordinary railroad carrying persons or property for hire, and are not applicable to logging roads, privately operated by lumber companies or private persons.

APPEAL from circuit court of Simpson county.

HON. W. H. HUGHES, Judge.

Action by L. W. Sullivan against Eastman, Gardner & Co. From a recovery for plaintiff, defendant appeals. Reversed in part, and affirmed in part.

*T. J. Wills,* for appellant.

As to the assignments alleging error as to the action of the court in sustaining the demurrer to the plea and as to the instruction given to plaintiff and the instruction refused defendant, that it was not liable to plaintiff for the

statutory penalty, we consider settled by the case of *New Deemer Manufacturing Company* v. *Kilpatrick*, 92 So. 71, decided by this court since this case was tried in the court below. The case above referred to settles the ques: tion that appellant was not liable for the statutory penalty. The judgment of the court below, therefore, must be reversed as to the statutory penalty.

*Tullos & Martin,* for appellee.

It seems that the assignment of error by appellant as to the action of the court below in sustaining the demurrer of appellee to the plea and as to the instruction given plaintiff, and the instruction refused defendant that it was not liable to plaintiff for the statutory penalty, was settled by this court in the case of *New Deemer Manufacturing Company,* v. *Kilpatrick,* 92 So. 71.

SYKES, P. J., delivered the opinion of the court.

The appellee in the circuit court sued appellant for damages for failing to erect and maintain proper stock gaps and cattle guards upon inclosed lands of plaintiff (appellee). The declaration is in two counts, the first count is for two hundred fifty dollars statutory penalty, and the second count is for twenty-five dollars, the actual damages sustained by plaintiff.

The agreed statement of facts shows that the railroad of the appellant is a logging road and not a railroad operated as a common carrier in any sense of the term; further that twenty-five dollars is the amount of actual damages sustained. There was a recovery by plaintiff, both for the penalty and actual damages.

There can be no recovery in this case of this penalty. This section of the Code (section 4058, Code of 1906; section 6686, Hemingway's Code), providing for this penalty, applies to railroads carrying persons or property for hire, in other words, to common carriers, and is not applicable

to logging railroads for this character. *New Deemer Mfg. Co.* v. *Kilpatrick,* 129 Miss. 268, 92 So. 71. It is further contended by the appellant that, since the statutory penalty of two hundred fifty dollars could not be recovered, the only amount really in controversy was the twenty-five dollars actual damages, and that the circuit court, therefore, did not have original jurisdiction of the case.

The plaintiff, however, in good faith sued for both the penalty and actual damages. The amount sued for was within the jurisdiction of the circuit court. It was therefore for that court to pass upon all questions of liability presented in that declaration.

Reversed as to the statutory penalty, and affirmed as to the twenty-five dollars actual damages.

*Reversed and affirmed.*